IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ALBERT ODHIAMBO OKAL,           )
                                )
                  Plaintiff,    )
                                )
vs                              )   Case No.
                                )
WAYNE COUNTY,                   )
SHERIFF DEAN FINCH,             )
JAILER JESSE CHAFFIN, JAILER TROY )
DECLUE, JAILER CHRIS SCHULZ, JAILER )
CHRIS CANOY, JAILER SANDRA       )
ALVARADO, JAILER JEREMY ROBINSON, )
JAILER LACRESHA COVIN, DEPUTY    )
LOGAN ALLEN, DEPUTY MARK YOUNT,  )
DEPUTY JOHN ENGLAND, DEPUTY LARRY )
ROBINSON, DEPUTY KYLE ALLEN,     )
DEPUTY BRANDON WAGGONER,         )
DEPUTY TRAVIS HANGER, DISPATCHER )
JOHN PENNINGTON, DISPATCHER      )
DILLAN SUTTON, DISPATCHER AMANDA )
DICKERSON, DISPATCHER MALORIE    )
SHRIVER, AND DISPATCHER SARAH    )
ENGLAND,                        )
                                )
                  Defendants.   )

**COMPLAINT**

COMES NOW the Plaintiff, Albert Odhiambo Okal, by and through the

undersigned counsel and for his cause of action against Defendants, state further as

follows:

**INTRODUCTORY STATEMENT**

1.      This is a civil action seeking money damages against the Defendants,

Wayne County, Sheriff Dean Finch, Jailer Jesse Chaffin, Jailer Troy DeClue, Jailer Chris

Schulz, Jailer Chris Canoy, Jailer Sandra Alvarado, Jailer Jeremy Robinson, Jailer

LaCresha Colvin, Deputy Logan Allen, Deputy John England, Deputy Mark Yount,

Deputy Larry Robinson, Deputy Kyle Allen, Deputy Brandon Waggoner, Deputy Travis Hanger, Dispatcher John Pennington, Dispatcher Dillan Sutton, Dispatcher Amanda Dickerson, Dispatcher Malorie Shriver, Dispatcher Sarah England, who were and at all times relevant herein, the government entities responsible for training and supervising law enforcement officers acting under their authority as officers of the Wayne County Sheriff's Department and/or individual law enforcement officers acting under their authority as officers of the Wayne County Sheriff's Department, for committing acts under color of law, which deprived Plaintiff, Albert Okal, of his rights secured under the Constitution and laws of the United States, including his right to be protected from cruel and unusual punishment, be given access to medical care and protected from deliberate indifference to substantial medical needs, as well as due process, all as guaranteed under the Eighth Amendment, and for state law violations under Missouri's Constitution Article I, Section 21.

**JURISDICTION**

2.      This action is brought pursuant to 42 U.S.C. § 1983, 1985 & 1988 and the Eighth Amendment to the United States Constitution together with supplemental Missouri constitutional claims.

3.      The Court has jurisdiction over the action pursuant to 42 U.S.C. § 1983, 1985 & 1988, 28 U.S.C. §§1331 and 1343.  This Court has jurisdiction over the supplemental state law claims pursuant to 28 U.S.C. §1367(b).

4.      The Plaintiff, Albert Okal, is a natural person who is entitled to bring this action for money damages.  The Defendants reside within the jurisdictional limits of the

2

United States District Court for the Eastern District of Missouri and more specifically within the Southeastern Division for that court.

5.      The constitutional violations alleged and the events described herein happened in Wayne County, Missouri, which is within the geographic jurisdiction encompassed by this Honorable Court.

6.      The Plaintiff is the person aggrieved by the violation of his civil rights which violations are made actionable under 42 U.S.C. §§1983 and 1985.

## PARTIES

7.      The Plaintiff is a natural person, citizen and resident of the United States residing in the Eastern District of Missouri, United States District Court.

8.      At all times referenced herein, the Defendant, Wayne County, was a political subdivision of the State of Missouri.

9.      Defendant Wayne County owned and operated the Wayne County Jail as well as providing for the training and supervision of the corrections officers at the jail.

10.      At all times referenced to herein, Defendant Wayne County acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and Wayne County pursuant to its authority as a political subdivision of Missouri; it may be served in care of the current county commissions, including Presiding Commissioner Brian Polk.

11.      At all times referenced herein, the Defendant, Sheriff Dean Finch, (herein referred to as "Defendant Finch") was the duly elected Sheriff of Wayne County, Missouri.

3

12.     Plaintiff sues Defendant Finch in his individual capacity.

13.     At all times referenced to herein, Defendant Finch acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and Wayne County Sheriff's Department pursuant to his authority as the duly appointed Sheriff for Wayne County, Missouri.

14.     At all times referenced herein, the Defendant, Jailer Jesse Chaffin, (hereinafter referred to as "Defendant Chaffin") was a duly appointed Jailer for Wayne County, Missouri.

15.     Plaintiff sues Defendant Chaffin in his individual capacity.

16.     At all times referenced to herein, Defendant Chaffin acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and Wayne County Sheriff's Department pursuant to his authority as a duly appointed Jailer for Wayne County, Missouri.

17.     At all times referenced herein, the Defendant, Jailer Troy DeClue, (hereinafter referred to as "Defendant DeClue") was a duly appointed Jailer for Wayne County, Missouri.

18.     Plaintiff sues Defendant DeClue in his individual capacity.

19.     At all times referenced to herein, Defendant DeClue acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and Wayne County Sheriff's Department pursuant to his authority as a duly appointed Jailer for Wayne County, Missouri.

20.     At all times referenced herein, the Defendant, Jailer Chris Schulz,

4

(hereinafter referred to as "Defendant Schulz") was a duly appointed Jailer for Wayne County, Missouri.

21.     Plaintiff sues Defendant Schulz in his individual capacity.

22.     At all times referenced to herein, Defendant Schulz acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and Wayne County Sheriff's Department pursuant to his authority as a duly appointed Jailer for Wayne County, Missouri.

23.     At all times referenced herein, the Defendant, Jailer Chris Canoy, (hereinafter referred to as "Defendant Canoy") was a duly appointed Jailer for Wayne County, Missouri.

24.     Plaintiff sues Defendant Canoy in his individual capacity.

25.     At all times referenced to herein, Defendant Canoy acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and Wayne County Sheriff's Department pursuant to his authority as a duly appointed Jailer for Wayne County, Missouri.

26.     At all times referenced herein, the Defendant, Jailer Sandra Alvarado, (hereinafter referred to as "Defendant Alvarado") was a duly appointed Jailer for Wayne County, Missouri.

27.     Plaintiff sues Defendant Alvarado in her individual capacity.

28.     At all times referenced to herein, Defendant Alvarado acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and Wayne County Sheriff's Department pursuant to her authority as a

duly appointed Jailer for Wayne County, Missouri.

29.     At all times referenced herein, the Defendant, Jailer Jeremy Robinson (hereinafter referred to as "Defendant J. Robinson") was a duly appointed Jailer for Wayne County, Missouri.

30.     Plaintiff sues Defendant J. Robinson in his individual capacity.

31.     At all times referenced to herein, Defendant J. Robinson acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and Wayne County Sheriff's Department pursuant to his authority as a duly appointed Jailer for Wayne County, Missouri.

32.     At all times referenced herein, the Defendant, Jailer LaCresha Covin (hereinafter referred to as "Defendant Covin") was a duly appointed Jailer for Wayne County, Missouri.

33.     Plaintiff sues Defendant Covin in her individual capacity.

34.     At all times referenced to herein, Defendant Covin acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and Wayne County Sheriff's Department pursuant to her authority as a duly appointed Jailer for Wayne County, Missouri.

35.     At all times referenced herein, the Defendant, Deputy Logan Allen (hereinafter referred to as "Defendant L. Allen") was a duly appointed Deputy for Wayne County, Missouri.

36.     Plaintiff sues Defendant L. Allen in his individual capacity.

37.     At all times referenced to herein, Defendant L. Allen acted under the color

6

of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and Wayne County Sheriff's Department pursuant to his authority as a duly appointed Deputy for Wayne County, Missouri.

38.     At all times referenced herein, the Defendant, Deputy John England (hereinafter referred to as "Defendant J. England") was a duly appointed Deputy for Wayne County, Missouri.

39.     Plaintiff sues Defendant J. England in his individual capacity.

40.     At all times referenced to herein, Defendant J. England acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and Wayne County Sheriff's Department pursuant to his authority as a duly appointed Deputy for Wayne County, Missouri.

41.     At all times referenced herein, the Defendant, Deputy Mark Yount (hereinafter referred to as "Defendant Yount") was a duly appointed Deputy for Wayne County, Missouri.

42.     Plaintiff sues Defendant Yount in his individual capacity.

43.     At all times referenced to herein, Defendant Yount acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and Wayne County Sheriff's Department pursuant to his authority as a duly appointed Deputy for Wayne County, Missouri.

44.     At all times referenced herein, the Defendant, Deputy Larry Robinson (hereinafter referred to as "Defendant L. Robinson") was a duly appointed Deputy for Wayne County, Missouri.

45.     Plaintiff sues Defendant L. Robinson in his individual capacity.

46.     At all times referenced to herein, Defendant L. Robinson acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and Wayne County Sheriff's Department pursuant to his authority as a duly appointed Deputy for Wayne County, Missouri.

47.     At all times referenced herein, the Defendant, Deputy Kyle Allen (hereinafter referred to as "Defendant K. Allen") was a duly appointed Deputy for Wayne County, Missouri.

48.     Plaintiff sues Defendant K. Allen in his individual capacity.

49.     At all times referenced to herein, Defendant K. Allen acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and Wayne County Sheriff's Department pursuant to his authority as a duly appointed Deputy for Wayne County, Missouri.

50.     At all times referenced herein, the Defendant, Deputy Brandon Waggoner (hereinafter referred to as "Defendant Waggoner") was a duly appointed Deputy for Wayne County, Missouri.

51.     Plaintiff sues Defendant Waggoner in his individual capacity.

52.     At all times referenced to herein, Defendant Waggoner acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and Wayne County Sheriff's Department pursuant to his authority as a duly appointed Deputy for Wayne County, Missouri.

53.     At all times referenced herein, the Defendant, Deputy Travis Hanger

8

(hereinafter referred to as "Defendant Hanger") was a duly appointed Deputy for Wayne County, Missouri.

54.     Plaintiff sues Defendant Hanger in his individual capacity.

55.     At all times referenced to herein, Defendant Hanger acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and Wayne County Sheriff's Department pursuant to his authority as a duly appointed Deputy for Wayne County, Missouri.

56.     At all times referenced herein, the Defendant, Dispatcher John Pennington (hereinafter referred to as "Defendant Pennington") was a duly appointed Dispatcher for Wayne County, Missouri.

57.     Plaintiff sues Defendant Pennington in his individual capacity.

58.     At all times referenced to herein, Defendant Pennington acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and Wayne County Sheriff's Department pursuant to his authority as a duly appointed Dispatcher for Wayne County, Missouri.

59.     At all times referenced herein, the Defendant, Dispatcher Dillan Sutton (hereinafter referred to as "Defendant Sutton") was a duly appointed Dispatcher for Wayne County, Missouri.

60.     Plaintiff sues Defendant Sutton in his individual capacity.

61.     At all times referenced to herein, Defendant Sutton acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and Wayne County Sheriff's Department pursuant to his authority as a duly

appointed Dispatcher for Wayne County, Missouri.

62.     At all times referenced herein, the Defendant, Dispatcher Amanda Dickerson (hereinafter referred to as "Defendant Dickerson") was a duly appointed Dispatcher for Wayne County, Missouri.

63.     Plaintiff sues Defendant Dickerson in her individual capacity.

64.     At all times referenced to herein, Defendant Dickerson acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and Wayne County Sheriff's Department pursuant to her authority as a duly appointed Dispatcher for Wayne County, Missouri.

65.     At all times referenced herein, the Defendant, Dispatcher Malorie Shriver (hereinafter referred to as "Defendant Shriver") was a duly appointed Dispatcher for Wayne County, Missouri.

66.     Plaintiff sues Defendant Shriver in her individual capacity.

67.     At all times referenced to herein, Defendant Shriver acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and Wayne County Sheriff's Department pursuant to her authority as a duly appointed Dispatcher for Wayne County, Missouri.

68.     At all times referenced herein, the Defendant, Dispatcher Sarah England (hereinafter referred to as "Defendant S. England") was a duly appointed Dispatcher for Wayne County, Missouri.

69.     Plaintiff sues Defendant S. England in her individual capacity.

70.     At all times referenced to herein, Defendant S. England acted under the

color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and Wayne County Sheriff's Department pursuant to her authority as a duly appointed Dispatcher for Wayne County, Missouri.

## FACTS:

71.     On December 26, 2016, Plaintiff, Albert Okal, was transferred from the St. Louis County Jail to the Wayne County Jail on a charge of Driving While Intoxicated.

72.     Plaintiff was transported to the Wayne County Jail by the Missouri State Highway Patrol to be lodged on a 24-hour hold for suspicion of Driving While Intoxicated.

73.     Plaintiff was ultimately charged with a felony for Driving While Intoxicated and housed in the Wayne County Jail.

74.     Plaintiff spent four months in the Wayne County Jail and was released on April 26, 2017, after being sentenced.

75.     Shortly after being booked into the Wayne County Jail, Plaintiff began to suffer from hallucinations, paranoia, and manic behavior; the origin/reason for such abnormal behavior is not known to the Plaintiff.

76.     The Defendant Corrections Officers moved Plaintiff from one cell to another and yet his behavior was, according to Defendants, disturbing to the order of the jail population.

77.     On authority from Defendant Finch, Plaintiff was placed in the restraint chair (hereinafter referred as "The Chair").  The Chair exists through the Wayne County Jail Manual as a form of discipline to keep order in the jail.

78.    The Wayne County Jail Manual further calls for a medical assessment of the county inmate in The Chair after being constantly observed for two hours—then said medical assessment is to be made.  Further, after the two-hour period there is to be documentation and a log maintained every fifteen minutes on the inmate in The Chair.

79.    All named Defendants committed and allowed Plaintiff to remain in The Chair for a period of five days.

80.    All named Defendants failed to document Plaintiff being in the chair—failed to log in writing—the activities of the Plaintiff while he was in The Chair.

81.    All named Defendants refused to allow Plaintiff to be released from The Chair to use the restroom to urinate and defecate which caused Plaintiff to urinate and defecate in his pants and on himself during the five-day period he was in The Chair.

82.    All named Defendants failed to allow Plaintiff to eat food and drink water with his own hands and instead forcefully fed food and water down his throat.

83.    For a period of at least 24 hours all named Defendants allowed a blanket to be placed over Plaintiff's head during the five days Plaintiff was in The Chair.

84.    At the end of the five-day period that Plaintiff was in The Chair, Defendant Chaffin escorted Plaintiff, who was in a wheelchair, and wheeled him to C cell block and told the occupants of C cell block to clean up the Plaintiff.

85.    The occupants of C cell block protested Plaintiff coming to their cell thinking that he was from a nursing home and realized that the foul smell from his body was overwhelming.

86.    Nevertheless, the occupants of C cell block cleaned Plaintiff in the cell

using the only water available—scalding hot water.

87.     All named Defendants failed to seek a medical assessment and medical assistance and failed to seek psychiatric care and assistance for Plaintiff after Plaintiff was clearly seen having disturbed mental and/or emotional problems.

88.     All named Defendants knew or should have known that Plaintiff needed medical care and/or psychiatric care as they placed him alone in The Chair but failed to seek such medical and/or psychiatric assessment care.

89.     All named Defendants were in violation of the Wayne County Jail Policy by failing to conduct a medical assessment on Plaintiff after he was in The Chair for two hours; moreover, they failed to do a medical assessment at any time during the five days Plaintiff was in The Chair.

90.     All named Defendants failed to supply Plaintiff with adequate nutrition and water (hydration) in the five days Plaintiff was in The Chair and to unstrap his hands so that he could feed and drink for himself.

91.     All named Defendants failed to allow Plaintiff to use the restroom to relieve himself and to urinate and defecate leaving him with no choice but to urinate and defecate in his pants and on himself.

92.     All named Defendants failed to document the activities of Plaintiff once he was placed in The Chair; they further failed to maintain a log sheet every 15 minutes of Plaintiffs condition.  All of which is in violation of the Wayne County Jail Policy.

93.     Defendant Wayne County is obligated to provide adequate training and supervision to its corrections officers.

13

94.     Defendant Wayne County is obligated to provide a sufficient number of jailers to be capable of carrying out its written Jail Policy.

95.     Defendant Wayne County had jail policies, training and supervision that were inadequate, insufficient and did not protect the medical and mental safety needs of the inmates being screened and housed in the Wayne County Jail.

96.     Specifically, Defendant Wayne County, had a jail policy on The Chair which did not provide a maximum amount of time that an inmate could remain seated and restrained in the chair.

97.     A pre-trial detainee's right to be given access to medical care and provide adequate medical care has been obvious since at least 1976.

98.     Every policy of every jail in the United States of America requires that there be staff in the housing area of the jail 24 hours per day, seven days a week.

99.     Plaintiff had a clearly established Eighth Amendment and Fourteenth Amendment right to be protected from cruel and unusual treatment by Wayne County and its employees.

100.    All named Defendants acted with deliberate indifference to the known risk of cruel and unusual punishment by, among other things:

a.      Not immediately seeking a medical assessment of Plaintiff once Defendants noted abnormal psychotic behavior on his behalf;

b.      Not seeking a medical assessment of Plaintiff after two hours in The Chair;

c.      Not maintaining regular, timely visual monitoring of Plaintiff;

14

      d.      By forcing Plaintiff to urinate and defecate in his own clothes and upon himself during the five days he was in The Chair;

      e.      By placing a blanket over his head for long periods of time while he was in The Chair;

      f.      By refusing to allow Plaintiff to eat food and consume water on his own—instead forcing food and water down his throat;

      g.      By failing to clean Plaintiff after his release from The Chair and instead forcing Plaintiff's fellow inmates to clean him in the hot scalding water of C cell.

101.    All named Defendants knew or should have known that their actions towards Plaintiff in The Chair would result in physical and mental injury to Plaintiff and that he was in fact undergoing a form of torture by all named Defendants during his time in The Chair.

102.    Plaintiff suffered physical pain, emotional trauma and a decline in the quality of his life following his incarceration for DWI in the Wayne County Jail.

103.    Plaintiff suffered great psychological anguish following his incarceration.

## COUNT I

COMES NOW Plaintiff, Albert Okal, and for his cause of action in Count I against all named Defendants states as follows:

104.    The Plaintiff reincorporates by reference hereto paragraphs 1 through 103.

105.    At all times relevant to this Complaint, Defendant Finch, Defendant L. Allen, Defendant J. England, Defendant Yount, Defendant L. Robinson, Defendant K.

Allen, Defendant Waggoner, Defendant Hanger, Defendant Chaffin, Defendant DeClue, Defendant, Defendant Schulz, Defendant Canoy, Defendant Alvarado, Defendant J. Robinson, Defendant Covin, Defendant Pennington, Defendant Sutton, Defendant Dickerson, Defendant Shriver, and Defendant S. England were acting under the color of law and under their authority as law enforcement officers.

106.    Plaintiff had a clearly established constitutional right to be free from cruel and unusual punishment, to have serious medical needs attended to by all named Defendants, and not to be deprived of life, liberty and the pursuit of happiness without due process of law.

107.    At the time Plaintiff was taken into custody, he had serious medical needs.

108.    Defendant Finch, Defendant L. Allen, Defendant J. England, Defendant Yount, Defendant L. Robinson, Defendant K. Allen, Defendant Waggoner, Defendant Hanger, Defendant Chaffin, Defendant DeClue, Defendant, Defendant Schulz, Defendant Canoy, Defendant Alvarado, Defendant J. Robinson, Defendant Covin, Defendant Pennington, Defendant Sutton, Defendant Dickerson, Defendant Shriver, and Defendant S. England were aware, as of the time Plaintiff was taken into custody, of Plaintiff's constitutional rights and were also aware that he had serious medical needs and psychological needs, to wit:

a.    They knew or should have known that while Plaintiff was incarcerated, he exhibited bizarre paranoia like behavior that was disrupting the jail population;

b.    They knew or should have known that Plaintiff should have been

placed on a documented watch with a medical assessment being accomplished after the first two hours Plaintiff was placed in The Chair.

109.    Defendant Finch, Defendant L. Allen, Defendant J. England, Defendant Yount, Defendant L. Robinson, Defendant K. Allen, Defendant Waggoner, Defendant Hanger, Defendant Chaffin, Defendant DeClue, Defendant, Defendant Schulz, Defendant Canoy, Defendant Alvarado, Defendant J. Robinson, Defendant Covin, Defendant Pennington, Defendant  Sutton, Defendant Dickerson, Defendant Shriver, and Defendant S. England were aware that their conduct by failing to address Plaintiffs substantial medical and psychiatric needs was inappropriate in light of the substantial risk of harm to Plaintiff's health and safety.

110.    Defendant Finch, Defendant L. Allen, Defendant J. England, Defendant Yount, Defendant L. Robinson, Defendant K. Allen, Defendant Waggoner, Defendant Hanger, Defendant Chaffin, Defendant DeClue, Defendant, Defendant Schulz, Defendant Canoy, Defendant Alvarado, Defendant J. Robinson, Defendant Covin, Defendant Pennington, Defendant  Sutton, Defendant Dickerson, Defendant Shriver, and Defendant S. England deliberately disregarded Plaintiffs substantial medical needs and the substantial need to be treated humanely and not subjected to cruel and unusual punishment.

111.    As a direct and proximate result of Defendant Finch, Defendant L. Allen, Defendant J. England, Defendant Yount, Defendant L. Robinson, Defendant K. Allen, Defendant Waggoner, Defendant Hanger, Defendant Chaffin, Defendant DeClue, Defendant, Defendant Schulz, Defendant Canoy, Defendant Alvarado, Defendant J.

17

Robinson, Defendant Covin, Defendant Pennington, Defendant  Sutton, Defendant Dickerson, Defendant Shriver, and Defendant S. England deliberate disregard for Plaintiffs substantial medical needs including the risk of malnutrition, dehydration, and asphyxiation, Plaintiff suffered emotional harm and distress as well as physical anguish and distress.

112.    As a direct and proximate result of Defendant Finch, Defendant L. Allen, Defendant J. England, Defendant Yount, Defendant L. Robinson, Defendant K. Allen, Defendant Waggoner, Defendant Hanger, Defendant Chaffin, Defendant DeClue, Defendant, Defendant Schulz, Defendant Canoy, Defendant Alvarado, Defendant J. Robinson, Defendant Covin, Defendant Pennington, Defendant  Sutton, Defendant Dickerson, Defendant Shriver, and Defendant S. England's deliberate carelessness and negligence of the Plaintiff, Plaintiff was placed and strapped into The Chair for a minimum of five (5) days;  Plaintiff, was caused to suffer from severe dehydration, hunger/malnutrition; irritation of the skin in and around his groin area was caused to be burned, irritated and he suffered a rash; the joints in his body were damaged by lack of movement and lack of activity; all of the muscles in his upper extremities and lower extremities suffered pain, ache-like pain and cramps.  Moreover, as a result of being strapped in The Chair Plaintiff suffered from time to time loss of consciousness. Further, while strapped in The Chair Plaintiff suffered from severe anxiety and from severe emotional depression.  Because of the trauma inflicted upon Plaintiff he has suffered, and will continue to suffer, from emotional problems including depression and anxiety.

18

113.    The acts of Defendant Finch, Defendant L. Allen, Defendant J. England, Defendant Yount, Defendant L. Robinson, Defendant K. Allen, Defendant Waggoner, Defendant Hanger, Defendant Chaffin, Defendant DeClue, Defendant, Defendant Schulz, Defendant Canoy, Defendant Alvarado, Defendant J. Robinson, Defendant Covin, Defendant Pennington, Defendant  Sutton, Defendant Dickerson, Defendant Shriver, and Defendant S. England as described above were intentional, wanton, malicious, reckless, oppressive and callously indifferent to Plaintiff's rights, thus entitling Plaintiff to an award of punitive damages against all named Defendants.

114.    If the Plaintiff prevails and is awarded actual or nominal damages, he is entitled to an award of attorneys' fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor against all named Defendants; award him compensatory or nominal damages in an amount that is fair and reasonable; award him punitive damages, attorney fees, costs of suit, and any further relief the Court deems just and proper.

## COUNT II

COMES NOW Plaintiff, Albert Okal, and for his cause of action in Count II against Defendant Wayne County states as follows:

115.    The Plaintiff reincorporates by reference hereto paragraphs 1 through 114.

116.    Plaintiff had a clearly established constitutional right to be free from cruel and unusual punishment, to have serious medical needs, including suicide risk, attended to by the Defendant Wayne County and to not be deprived of life, liberty or the pursuit of happiness without due process of law.

117.    Defendant Wayne County was aware, or should have known that after Plaintiff was taken into custody, that Plaintiff had serious medical and psychological needs including the risk of suicide as Plaintiff had, to wit:

a.    He was exhibiting abnormal behavior in that he was hallucinating, was extremely paranoid, and was disrupting the jail population;

b.    He was in need of medical and/or psychological assessment—instead of such an assessment—Defendant Wayne County placed Defendant into The Chair with his wrists and ankles strapped to the chair.

118.    Defendant Wayne County failed to put into place polices, procedures and safety rules to protect the inmates including Plaintiff from cruel and unusual punishment and to provide appropriate medical assessment; and failed to properly and adequately train its staff and employees to provide appropriate medical assessment and prevent cruel and unusual punishment; and failed to properly train and supervise the staff and employees to follow policies and procedures already in place regarding medical needs of an individual placed in The Chair and to prevent cruel and unusual punishment, including the maximum time limit for an inmate to be subjected to The Chair in that:

a.    Defendant Wayne County failed to have appropriate working policies in place to safeguard the constitutional rights of those with whom their employees may come into contact with;

b.    Defendant Wayne County failed to adequately train its staff and employees including Defendant Finch, Defendant L. Allen, Defendant J.

England, Defendant Yount, Defendant L. Robinson, Defendant K. Allen, Defendant Waggoner, Defendant Hanger, Defendant Chaffin, Defendant DeClue, Defendant, Defendant Schulz, Defendant Canoy, Defendant Alvarado, Defendant J. Robinson, Defendant Covin, Defendant Pennington, Defendant Sutton, Defendant Dickerson, Defendant Shriver, and Defendant S. England;

c.      Wayne County failed to adequately supervise its employees including Defendant Finch, Defendant L. Allen, Defendant J. England, Defendant Yount, Defendant L. Robinson, Defendant K. Allen, Defendant Waggoner, Defendant Hanger, Defendant Chaffin, Defendant DeClue, Defendant, Defendant Schulz, Defendant Canoy, Defendant Alvarado, Defendant J. Robinson, Defendant Covin, Defendant Pennington, Defendant  Sutton, Defendant Dickerson, Defendant Shriver, and Defendant S. England;

d.      Wayne County failed to have a policy in place for proper assessment of a psychologically disabled inmate;

e.      Wayne County failed to have a policy in place wherein a psychologically troubled inmate would be sent to a competent hospital emergency department for treatment;

f.      Wayne County failed to have a policy wherein an inmate showing suicidal tendencies could be seen by a medical employee of the County such as a nurse for the screening process for treatment;

g.      Wayne County failed to have an appropriate medical screening process for dealing with an inmate who is in The Chair;

h.      Wayne County failed to have a policy in place prohibiting, as happened here, the inmate in The Chair to be left unattended and unsupervised by any jail personnel on the floor;

i.      Wayne County failed to implement a watch policy and procedures and it knew that an inmate or detainee in The Chair was a substantial risk for physical and emotional problems;

j.      Wayne County failed to implement watch policies and procedures for inmates exhibiting bizarre/abnormal behavior when it knew that an inmate or detainee was exhibiting unusually abnormal behaviors such as Plaintiff.

k.      Wayne County failed to implement its watch policies and policies to document behavior and observations of an inmate in The Chair and to—over the passage of five days—assess the need for medical and/or psychological treatment.

l.      Wayne County failed to have in place limits for the amount of time inmates could spend in The Chair, to provide for adequate hygiene, urination, and defecation of inmates in The Chair, and to provide proper hydration and food for inmates in The Chair.

m.      Wayne County failed to prevent inmates from being kept in The Chair for longer than the amount of time permitted by its policies and procedures, to prevent inmates from urinating and defecating on themselves, to prevent inmates from being force-fed food and water, and to prevent inmates from having access to hygiene facilities such as bathing.

22

119.    Defendant Wayne County's Jail insufficient policies and procedures and the lack training and supervision of Defendant Wayne County's jail employees constituted an official government policy.  The execution of this policy, and/or the failure to have in place sufficient policies, procedures, training and supervision to prevent the violation of an inmate's constitutional rights directly caused or contributed to cause Plaintiff's injuries.

120.    Defendant Wayne County's Jail employees had a continuing widespread, and persistent pattern of unconstitutional conduct by failing to address inmates' needs for medical attention as well as imposing cruel and unusual punishment on inmates by placing them in The Chair for extended periods of time without following even the insufficient policies and procedures provided by Wayne County for the use of The Chair.

121.    Defendant Wayne County, Defendant Finch, and all policymaking officials continued to allow the Jail employees to deny medical care to inmates and cruelly and unusually punish inmates by confining them to The Chair for extended periods of time without following even the insufficient policies and procedures provided by Wayne County for the use of The Chair after receiving actual notice of this misconduct.  This shows deliberate indifference or tacit authorization of the misconduct.

122.    Plaintiff's injuries were a direct result of the moving force of the custom and usage of Defendant Wayne County in that he was denied adequate medical treatment and was confined to The Chair for extended periods of time without

following the insufficient policies and procedures provided by Wayne County for the use of The Chair.

123.    Defendant Finch and/or any other policymaking officials for Defendant Wayne County disregarded a known or obvious consequence of their failure to properly train jail employees so as to prevent the constitutional violations suffered by Plaintiff and other inmates, including, but not limited to failing to provide adequate medical care and cruelly and unusually punishing inmates by placing them in The Chair for extended periods of time without following even the insufficient policies and procedures provided by Wayne County for the use of The Chair.

124.    Defendant Wayne County knew that Plaintiff had the constitutional right to be free from cruel and unusual punishment, to have serious medical needs, including mental illness, attended to by the Defendants and to not be deprived of life, liberty, or the pursuit of happiness without due process of law.

125.    Defendant Wayne County knew that by its failure to put in place policies and procedures, or properly train its employees or to follow policies and procedures already in place, as described above, it created an excessive risk of harm to Plaintiff's health and/or safety.

126.    Defendant Wayne County knew that is failure to put in place policies and procedures, or properly train its employees or follow policies and procedures already in place, as described above, was inappropriate in light of the substantial risk of harm to Plaintiff's health and safety due to his serious medical needs.

127.    Defendant Wayne County deliberately disregarded Plaintiff's substantial

24

medical needs including failing to put into place policies or procedures, adequately train its employees, or to follow policies and procedures already in place for inmates placed in The Chair.

128.    As a direct and proximate result of Defendant Wayne County's deliberate carelessness and negligence towards the Plaintiff, Plaintiff was placed and strapped into The Chair for a minimum of five (5) days;  Plaintiff, was caused to suffer from severe dehydration, hunger/malnutrition; irritation of the skin in and around his groin area was caused to be burned, irritated and he suffered a rash; the joints in his body were damaged by lack of movement and lack of activity; all of the muscles in his upper extremities and lower extremities suffered pain, ache-like pain and cramps.  Moreover, as a result of being strapped in The Chair Plaintiff suffered from time to time loss of consciousness. Further, while strapped in The Chair Plaintiff suffered from severe anxiety and from severe emotional depression.  Because of the trauma inflicted upon Plaintiff he has suffered, and will continue to suffer, from emotional problems including depression and anxiety.

129.    The acts of Defendant Wayne County as described above were intentional, wanton, malicious, reckless, oppressive, and callously indifferent to Plaintiff's rights, thus entitling Plaintiff to an award of punitive damages the Defendants.

130.    If the Plaintiff prevails and is awarded actual or nominal damages, he is entitled to an award of attorney's fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his favor and against Defendant Wayne County; award him compensatory or nominal

25

damages in an amount that is fair and reasonable; award him punitive damages, attorneys fees, costs of suit, and any further relieve the Court deems just and proper.

### COUNT III – Ordinary Negligence

COMES NOW Plaintiff, Albert Okal, and for his cause of action in Count III against all named individual Defendants states as follows:

131.    The Plaintiff reincorporates by reference hereto paragraphs 1 through 130.

132.    At all times relevant to this Complaint, Defendant Finch, Defendant L. Allen, Defendant J. England, Defendant Yount, Defendant L. Robinson, Defendant K. Allen, Defendant Waggoner, Defendant Hanger, Defendant Chaffin, Defendant DeClue, Defendant, Defendant Schulz, Defendant Canoy, Defendant Alvarado, Defendant J. Robinson, Defendant Covin, Defendant Pennington, Defendant  Sutton, Defendant Dickerson, Defendant Shriver, and Defendant S. England (collectively "Individual Defendants") were acting under the color of law and under their authority as law enforcement officers.

133.    Individual Defendants knew, or should have known by the exercise of reasonable care, that Plaintiff was in need of medical care upon his arrival at the Wayne County Jail in that he exhibited signs and symptoms of mental illness.

134.    Individual Defendants knew, or should have known by the exercise of reasonable care, that confining Plaintiff to The Chair for a period of five (5) days wherein he was not allowed to move or bathe, was forced to urinate and defecate on himself, was force fed food and water, and was at times left covered entirely by a blanket, put Plaintiff at significant risk of bodily injury and harm.

26

135.    Individual Defendants had a duty to provide adequate medical treatment to inmates in the Wayne County Jail and to prevent inmates from suffering cruel and unusual punishment.

136.    Wayne County had in place mandatory policies and procedures which required inmates confined to The Chair to receive medical checks after two hours and required a log of such inmates' condition every fifteen minutes thereafter.

137.    Individual Defendants' actions of failing to provide Plaintiff with adequate medical treatment upon exhibiting symptoms of mental and/or physical illness, confining Plaintiff to The Chair for a period of five (5) days wherein he was not allowed to move or bathe, was forced to urinate and defecate on himself, was force fed food and water, and was at times left covered entirely by a blanket, and failing to follow the mandatory policies and procedures put in place by the Wayne County Jail for the use of The Chair, constitute a breach of the duties owed to individual inmates such as Plaintiff.

138.    The actions and/or inactions of the Individual Defendants were ministerial in nature and not discretionary.

139.    As a direct and proximate cause of the breaches of the duties owed to Plaintiff, Plaintiff was caused to suffer from severe dehydration, hunger/malnutrition; irritation of the skin in and around his groin area was caused to be burned, irritated and he suffered a rash; the joints in his body were damaged by lack of movement and lack of activity; all of the muscles in his upper extremities and lower extremities suffered pain, ache-like pain and cramps.  Moreover, as a result of being strapped in The Chair

27

Plaintiff suffered from time to time loss of consciousness. Further, while strapped in The Chair Plaintiff suffered from severe anxiety and from severe emotional depression. Because of the trauma inflicted upon Plaintiff he has suffered, and will continue to suffer, from emotional problems including depression and anxiety.

140.    The acts of Individual Defendants as described above were intentional, wanton, malicious, reckless, oppressive, and callously indifferent to Plaintiff and showed a conscious disregard and/or complete indifference for the safety of Plaintiff. Thus, Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his favor and against Defendant Finch, Defendant L. Allen, Defendant J. England, Defendant Yount, Defendant L. Robinson, Defendant K. Allen, Defendant Waggoner, Defendant Hanger, Defendant Chaffin, Defendant DeClue, Defendant, Defendant Schulz, Defendant Canoy, Defendant Alvarado, Defendant J. Robinson, Defendant Covin, Defendant Pennington, Defendant  Sutton, Defendant Dickerson, Defendant Shriver, and Defendant S. England; award him compensatory damages in an amount that is fair and reasonable; award him punitive damages, attorneys fees, costs of suit, and any further relieve the Court deems just and proper.

/s/  Stephen E. Walsh
Stephen E. Walsh - 24992

WALSH & WALSH LLC
Attorneys at Law
635 North Main Street
Poplar Bluff, MO  63901
(573) 712-2909 (Telephone)
(573) 712-2912 (Facsimile)
swalsh@walsh-firm.com




_____/s/ Shaun D. Hanschen_____
BLANTON, NICKELL, COLLINS,
DOUGLAS & HANSCHEN, LLC
219 S. Kingshighway
P.O. Box 805
Sikeston MO  63801
(573) 471-1000
(573) 471-1012 Fax
shanschen@blantonlaw.com


Attorneys for Plaintiff, Albert Okal

29