UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ALBERT ODHIAMBO OKAL | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No: 1:19-CV-00156 |
| | ) | |
| WAYNE COUNTY, et al | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER**

COME NOW the Defendants by and through their attorney Albert M. Spradling, III and for their answer to Plaintiff's Complaint admit or deny the following:

1.  Paragraph 1 of the Complaint is an introductory statement which an answer is not necessary, however, the Defendants deny that any of the Defendants committed any acts under color of law depriving Plaintiff of his rights secured under the Constitution of the United States.

2.  Paragraphs 2 and 3 of the Compliant are solely jurisdictional statements and no answer is necessary, however, Defendants deny that any violations of the Eighth Amendment of the United States Constitution or Missouri Supplemental state law claims have occurred.

3.  Paragraph 4 is admitted that Albert Okal is a natural person, but have insufficient information to admit or deny the balance of Paragraph 4 of Plaintiff's Complaint.

-1-

4.      Paragraph 5 of Plaintiff's Complaint is admitted that the allegations claimed occurred within the geographical jurisdiction of the United States District Court, Eastern District of Missouri, Southeastern Division, but deny any constitutional violations have occurred.

5.      Paragraph 6 of Plaintiff's Complaint is denied.

6.      Paragraph 7 of Plaintiff's Complaint is admitted that the Plaintiff is a natural person, citizen and resident of the United States, but have insufficient information to admit or deny the balance of Paragraph 7.

7.      Paragraph 8 of Plaintiff's Complaint is admitted.

8.      Paragraph 9 of Plaintiff's Complaint is denied.

9.      Paragraph 10 of Plaintiff's Complaint is denied.

10.     Paragraph 11 of Plaintiff's Complaint is admitted.

11.     Paragraph 12 of Plaintiff's Complaint is admitted in that the Plaintiff alleges Defendant is sued in his individual capacity, but Finch denies he has any liability to Plaintiff.

12.     Paragraph 13 of Plaintiff's Complaint is admitted.

13.     Paragraph 14 of Plaintiff's Complaint is admitted.

14.     Paragraph 15 of Plaintiff's Complaint is admitted that Defendant Chaffin is sued in his individual capacity, but denies that Defendant Chaffin has violated any constitutional rights of the Plaintiff.

15.     Paragraph 16 of Plaintiff's Complaint is admitted.

16.     Paragraph 17 of Plaintiff's Complaint is admitted.

17. Paragraph 18 of Plaintiff's Complaint is admitted that Defendant DeClue is sued in his individual capacity, but it is denied that Defendant DeClue has violated any rights of the Plaintiff.

18. Paragraph 19 of Plaintiff's Complaint is admitted.

19. Paragraph 20 of Plaintiff's Complaint is admitted.

20. Paragraph 21 of Plaintiff's Complaint is admitted that Defendant Schultz is sued in his individual capacity, but it is denied that Defendant Schultz has violated any constitutional right of the Plaintiff.

21. Paragraph 22 of Plaintiff's Complaint is admitted.

22. Paragraph 23 of Plaintiff's Complaint is admitted.

23. Paragraph 24 of Plaintiff's Complaint is admitted in that Defendant Canoy is sued in his individual capacity, however, Defendant Canoy denies that he has violated any rights of the Plaintiff.

24. Paragraph 25 of Plaintiff's Complaint is admitted.

25. Paragraph 26 of Plaintiff's Complaint is admitted.

26. Paragraph 27 of Plaintiff's Complaint is admitted that Defendant Alvarado is sued in her individual capacity, however, Defendant Alvarado denies that she has violated any rights of the Plaintiff.

27. Paragraph 28 of Plaintiff's Complaint is admitted.

28. Paragraph 29 of Plaintiff's Complaint is admitted.

29. Paragraph 30 of Plaintiff's Complaint is admitted in that Defendant Robinson is sued in his individual capacity, however, Defendant Robinson denies that he has violated

any constitutional rights of the Plaintiff.

30.    Paragraph 31 of Plaintiff's Complaint is admitted.

31.    Paragraph 32 of Plaintiff's Complaint is admitted.

32.    Paragraph 33 of Plaintiff's Complaint is admitted in that Defendant Covin is sued in her individual capacity, however, Defendant Covin denies that she has violated any rights of the Plaintiff.

33.    Paragraph 34 of Plaintiff's Complaint is admitted.

34.    Paragraph 35 of Plaintiff's Complaint is admitted.

35.    Paragraph 36 of Plaintiff's Complaint is admitted in that Defendant Allen in his individual capacity, however, Defendant Allen denies that he has violated any constitutional rights of the Plaintiff.

36.    Paragraph 37 of Plaintiff's Complaint is admitted.

37.    Paragraph 38 of Plaintiff's Complaint is admitted.

38.    Paragraph 39 of Plaintiff's Complaint is admitted in that Defendant England is sued in his individual capacity, however Defendant England denies that he has violated any constitutional rights of the Plaintiff.

39.    Paragraph 40 of Plaintiff's Complaint is admitted.

40.    Paragraph 41 of Plaintiff's Complaint is admitted.

41.    Paragraph 42 of Plaintiff's Complaint is admitted in that Defendant Yount is sued in his individual capacity, however, Defendant Yount denies that he has violated any rights of the Plaintiff.

42.    Paragraph 43 of Plaintiff's Complaint is admitted.

43.     Paragraph 44 of Plaintiff's Complaint is admitted.

44.     Paragraph 45 of Plaintiff's Complaint is admitted in that Defendant Robinson has

        been sued in his individual capacity, however, Defendant Robinson denies that he has

        violated any rights of the Plaintiff.

45.     Paragraph 46 is admitted.

46.     Paragraph 47 is admitted.

47.     Paragraph 48 of Plaintiff's Complaint is admitted in that Defendant Allen has been

        sued in his individual capacity, however, Defendant Allen denies that he has violated

        any rights of the Plaintiff.

48.     Paragraph 49 of Plaintiff's Complaint is admitted.

49.     Paragraph 50 of Plaintiff's Complaint is admitted.

50.     Paragraph 51 of Plaintiff's Complaint is admitted in that Defendant Waggoner has

        been sued in his individual capacity, however, Defendant Waggoner denies that he

        has violated any rights of the Plaintiff.

51.     Paragraph 52 of Plaintiff's Complaint is admitted.

52.     Paragraph 53 of Plaintiff's Complaint is admitted.

53.     Paragraph 54 of Plaintiff's Complaint is admitted that Defendant Hanger has been

        sued in his individual capacity, however, Defendant Hanger denies that he has

        violated any of rights of the Plaintiff.

54.     Paragraph 55 of Plaintiff's Complaint is admitted.

55.     Paragraph 56 of Plaintiff's Complaint is admitted.

56.     Paragraph 57 of Plaintiff's Complaint is admitted in that Defendant Pennington is

-5-

sued in his individual capacity, however, Defendant Pennington that he has violated any rights of the Plaintiff.

57.    Paragraph 58 of Plaintiff's Complaint is admitted.

58.    Paragraph 59 of Plaintiff's Complaint is admitted.

59.    Paragraph 60 of Plaintiff's Complaint is admitted in that Defendant Sutton is sued in his individual capacity, however, Defendant Sutton denies that he has violated any rights of the Plaintiff.

60.    Paragraph 61 of Plaintiff's Complaint is admitted.

61.    Paragraph 62 of Plaintiff's Complaint is admitted.

62.    Paragraph 63 of Plaintiff's Complaint is admitted that Defendant Dickerson was sued in her individual capacity, however Defendant Dickerson denies that she has violated any rights of the Plaintiff.

63.    Paragraph 64 of Plaintiff's Complaint is admitted.

64.    Paragraph 65 of Plaintiff's Complaint is admitted.

65.    Paragraph 66 of Defendants Complaint is admitted in that Defendant Shriver was sued in her individual capacity, however Defendant Shriver denies that she has violated any rights of the Plaintiff.

66.    Paragraph 67 of Plaintiff's Complaint is admitted.

67.    Paragraph 68 of Plaintiff's Complaint is admitted.

68.    Paragraph 69 of Plaintiff's Complaint is admitted in that Defendant England is being sued in her individual capacity, however, Defendant England denies that she has violated any rights of the Plaintiff.

69.     Paragraph 70 of Plaintiff's Complaint is admitted.

70.     Paragraphs 71, 72, 73, and 74 of Plaintiff's Complaint are admitted.

71.     Paragraph 75 of Plaintiff's Complaint is not known as to the conditions that Plaintiff

        claims he was suffering from and therefore Paragraph 75 of Plaintiff's Complaint is

        denied.

72.     Paragraph 76 of Plaintiff's Complaint is admitted that Plaintiff was moved from one

        cell to another due to complaints of other inmates in the jail as alleged in Paragraph

        76.

73.     Paragraph 77 of Plaintiff's Complaint is denied.

74.     Paragraph 78 of Plaintiff's Complaint is admitted in part as to what the jail manual

        calls for, but it is denied a medical assessment on Plaintiff was necessary.

75.     Paragraph 79 of Plaintiff's Complaint is denied.

76.     Paragraph 80 of Plaintiff's Complaint is admitted that a log does not exist.

77.     Paragraphs 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, and 92 of Plaintiff's Complaint

        are all denied, except Paragraph 92, in which there was no log sheet.

78.     Paragraph 93 of Plaintiff's Complaint  is admitted.

79.     Paragraph 94 of Plaintiff's Complaint is admitted.

80.     Paragraphs 95 and 96 of Plaintiff's Complaint are denied.

81.     Paragraph 97 of Plaintiff's Complaint is admitted.

82.     Paragraph 98 of Plaintiff's Complaint is unknown and therefore denied.

83.     Paragraph 99 of Plaintiff's Complaint is a statement of law and no factual issues

        exist, however, it is admitted the Eighth and Fourteenth Amendment rights protect

against cruel and unusual punishment as alleged in Paragraph 99.

84.    Paragraph 100 and all subparagraphs of Paragraph 100 of Plaintiff's Complaint,
       Paragraph 101, 102 and 103 of Plaintiff's Complaint are denied.

## COUNT I

COME NOW the Defendants by and through their attorney Albert M. Spradling, III and for
their answer to Count I of Plaintiff's Complaint admit or deny the following:

85.    Defendants restate and reallege all their answers to Paragraphs 1 - 103 as and for
       their answer to Paragraph 104 of Count I of Plaintiff's Complaint.

86.    Paragraph 105 of Count I of Plaintiff's Complaint is admitted.

87.    Paragraph 106 of Count I of Plaintiff's Complaint is admitted that the Plaintiff had
       a right to be free from cruel and unusual punishment and have medical needs
       attended to, however, these Defendants deny that Plaintiff was treated cruelly or
       unusually punished or that he had a denial of any medical treatment or that any of the
       Defendants had any contact with Plaintiff requiring medical treament.

88.    Paragraph 107 of Count I of Plaintiff's Complaint is unknown and therefore denied.

89.    Paragraph 108 of Count I of Plaintiff's Complaint is unknown and therefore denied.

90.    Paragraph 109 of Count I of Plaintiff's Complaint is denied.

91.    Paragraph 110 of Count I of Plaintiff's Complaint is denied.

92.    Paragraph 111 of Count I of Plaintiff's Complaint is denied.

93.    Paragraph 112 of Count I of Plaintiff's Complaint is denied.

94.    Paragraph 113 of Count I of Plaintiff's Complaint is denied.

95.    Paragraph 114 of Count I of Plaintiff's Complaint is denied.

96.     As a defense to Count I of Plaintiff's Complaint, Defendants state that they are qualifiedly immune from any and all liability as all their actions that were taken were reasonable in the light of the circumstances presented to them.

97.     As a further defense to Count I of Plaintiff's Complaint, Defendants state that said count fails to state a claim for which relief may be granted.

WHEREFORE, the Defendants having fully answered Count I of Plaintiff's Complaint, the pray said Count be dismissed and go hence with their costs.

## COUNT II

COME NOW the Defendants by and through their attorney Albert M. Spradling, III and for their answer to Count II of Plaintiff's Complaint admit or deny the following:

98.     Defendants restate and reallege all their answers to Paragraphs 1 - 114 as and for their answer to Paragraph 115 of Count II of Plaintiff's Complaint.

99.     Paragraph 116 of Count II of Plaintiff's Complaint is a statement of law and it is acknowledged that there is a clearly established constitutional right to be free from cruel and unusual punishment, treatment of serious medical needs, including suicide risk and not to be deprived of life, liberty or the pursuit of happiness without due process of law, however, all other allegations that the Defendant Wayne County failed to provide such constitutional rights to the Plaintiff are denied.

100.    Paragraph 117 and all subparagraphs of Paragraph 17 of Count II of Plaintiff's Complaint are denied.

101.    Paragraph 118 and all subparagraphs of Paragraph 118 of Count II of Plaintiff's Complaint are denied.

102.   Paragraphs 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129 and 130 of Count II of Plaintiff's Complaint are denied.

103.   As a defense to Count II of Plaintiff's Complaint, Defendant Wayne County states that said count fails to state a claim for which relief may be granted.

104.   As a further defense to Count II of Plaintiff's Complaint, Defendant Wayne County states that it cannot be liable for punitive damages to the Plaintiff as a matter of law.

WHEREFORE, Defendant Wayne County having fully answered Count II of Plaintiff's Complaint prays said count to be dismissed and go hence with its costs.

## COUNT III

COME NOW the individual Defendants by and through their attorney Albert M. Spradling, III and for their answer to Count III of Plaintiff's Complaint admit or deny the following:

105.   Defendants restate and reallege all their answers to Paragraphs 1 - 130 as and for their answer to Paragraph 131 of Count III of Plaintiff's Complaint.

106.   Paragraph 132 of Count III of Plaintiff's Complaint is admitted.

107.   Paragraphs 133, 134, 135, 136, 137, 138 139 and 140 of Count III of Plaintiff's Complaint are denied.

108.   As a defense to Count III of Plaintiff's Complaint, these Defendants state that all of their actions involving their dealings with Plaintiff were discretionary entitling them to public duty doctrine immunity and official immunity doctrine as set out by Missouri case law.

109.   As a further defense to Count III of Plaintiff's Complaint, these Defendants state that what ever damages were caused to Plaintiff, all of which are specifically denied by

-10-

the individual Defendants, were caused or contributed to by the carelessness and negligence of the Plaintiff by his voluntary intoxication and his actions while in the Wayne County Jail.

110.    As a further defense to Count III of Plaintiff's Complaint, these Defendants state that said count fails to state a claim for which relief may be granted against these Defendants.

WHEREFORE, the Defendants having fully answered Count III of Plaintiff's Complaint prays said count to be dismissed and go hence with their costs.

SPRADLING & SPRADLING

By   _____

A.M. Spradling, III   #23702
1838 Broadway, P.O. Drawer 1119
Cape Girardeau, MO 63702-1119
(573)335-8296  Fax:(573)335-8525
spradlaw@spradlaw3.com
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2019, the foregoing  was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following attorneys of record.

SPRADLING & SPRADLING

By:   _____